UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ORLANDO LOPEZ,

                                  Plaintiff,

-vs-

WILLIAM GOODMAN, et al.,

                                  Defendants.

DECISION and ORDER

14-CV-6518 CJS

_____

INTRODUCTION

      Orlando Lopez ("Lopez" or "Plaintiff") was formerly an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") who maintains that Defendants, who were employed by DOCCS and the New York Office of Mental Health, respectively, violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. Now before the Court is Defendants' motion (Docket No. [#24]) to dismiss the Amended Complaint on the sole ground that Plaintiff failed to exhaust his administrative remedies before commencing this action as required by 42 U.S.C. § 1997e(a). The application is granted.

BACKGROUND

      For purposes of this Decision and Order, the following facts are taken from the Amended Complaint and from other documents that have been filed in this action and in the related action, *Lopez v. N.Y.S. Office of Mental Health*, 10-CV-6413 CJS.

      On July 20, 2010, Plaintiff filed *Lopez v. N.Y.S. Office of Mental Health*, 10-CV-6413 CJS, proceeding *pro se*. That action alleged an 8th Amendment deliberate indifference medical claim that is essentially identical to the claim in the instant action. In

1

particular, Plaintiff alleged that between 2008 and 2009, he was given mental health medications that resulted in physical injury (diabetes) to his body. In his Amended Complaint in that action, when asked if he had exhausted his administrative remedies before commencing the action, he stated: "Was pursuing the matter with the Regional Medical Unit, as well as with the Office of Mental Health." On February 11, 2011, Defendants in that action filed a Rule 26 Disclosure, noting in pertinent part that DOCCS had no record of Plaintiff filing an inmate grievance concerning the alleged maltreatment. On April 17, 2013, Defendants in that action moved for summary judgment,[1] for reasons including that Plaintiff had not exhausted his administrative remedies before commencing the action. On June 18, 2013, this Court granted the summary judgment motion, finding that Plaintiff had failed to comply with 42 U.S.C. § 1997e(a).[2] The Court noted, in that regard, that Plaintiff had not shown that the inmate grievance process had been unavailable to him. The Court dismissed the action without prejudice. Plaintiff did not appeal the dismissal of that action.

More than a year after the dismissal, on August 12, 2014, Plaintiff filed what purported to be an "Amended Complaint 3rd" in closed case number 10-CV-6413.[3] The proposed pleading purported to assert the same claim, namely, that in 2008-2009 defendants gave Plaintiff mental health medications that caused him to develop diabetes and failed to monitor his condition. When asked to state whether he had grieved the claims, Plaintiff indicated that he had filed an inmate grievance on July 3, 2013,[4] but that

---

[1] 10-CV-6413 CJS, Docket No. [#37].
[2] 10-CV-6413 CJS, Docket No. [#41].
[3] 10-CV-6413 CJS, Docket No. [#48].
[4] Inmate Grievance No. AUB-63212-13, filed July 3, 2013. *See*, 10-CV-6413 CJS, "Amended Complaint 3rd,", Docket No. [#48], Exhibit A.

2

it had been denied. Attached to the proposed pleading was a copy of a decision from DOCCS' Central Officer Review Committee ("CORC"), indicating that the portion of Plaintiff's grievance pertaining to the issues in this lawsuit[5] had not been addressed, because his grievance had been untimely as to those issues. *See*, 10-CV-6413 CJS, Docket No. [#48], "Amended Complaint 3rd," Exhibit A ("With respect to the grievant's appeal, CORC . . . advises the grievant that his 2009 allegations are *untimely* and will not be addressed.") (emphasis added).

On September 9, 2014, this Court issued a Decision and Order, indicating that rather than re-opening case number 10-CV-6413 CJS, it would treat the "Amended Complaint 3rd" as a complaint in a new action, which became the subject action. The same day, the Court opened the instant action, 14-CV-6518 CJS. To summarize matters to this point, on September 9, 2014, Plaintiff commenced this action, alleging identical claims to those that had previously been dismissed for failure to comply with 42 U.S.C. § 1997e(a). The only difference was that now, Plaintiff indicated that he had attempted to exhaust administrative remedies using the Inmate Grievance Procedure, but that DOCCS had refused to consider the grievance because it was untimely, having been filed approximately four years after the incidents about which he was attempting to grieve.[6]

---

[5] CORC's decision indicates that the grievance that Plaintiff filed, on July 3, 2013, had included many matters relating to his medical health in addition to those that had been raised in action 10-CV-6413.
[6] Although not relevant to the issues raised in this Decision and Order, the Court notes that on December 3, 2015, it dismissed this action on statute of limitations grounds (*sua sponte*, after giving Plaintiff an opportunity to address the issue). *See*, Docket No. [#9]. However, the United States Court of Appeals for the Second Circuit reversed this Court's ruling as to the timeliness of this action, finding that this Court had failed to consider whether Plaintiff had "alleged ongoing misconduct under the continuing violation doctrine." *See*, Docket No. [#16], Summary Order and Mandate, 2d Cir. Case No. 16-54. To be clear, the issue involved in this Court's dismissal and the Second Circuit's remand was the timeliness of this action under the relevant statute of limitations for § 1983 actions; those rulings had nothing to do with the timeliness of Plaintiff's underlying inmate grievance or CORC's decision to deny the grievance as untimely.

On September 12, 2017, Defendants filed the subject motion [#24] to dismiss the Amended Complaint [#20][7] pursuant to Fed. R. Civ. P. 12(b)(6). The sole basis for the motion is that Plaintiff failed to comply with 42 U.S.C. § 1997e(a). In that regard, Defendants note that it is law-of-the-case that the relevant administrative remedy, i.e., the Inmate Grievance Program, was "available" to Plaintiff, and that it is undisputed that when Plaintiff finally filed a grievance several years after the fact, CORC found that the grievance[8] was procedurally barred as untimely. Defendants therefore contend that this action is barred by 42 U.S.C. § 1997e(a) since Plaintiff failed to properly exhaust his administrative remedies.

On December 7, 2017, the Court issued a Motion Scheduling Order [#29] directing Plaintiff to file any response by January 10, 2018. Plaintiff did not file a response. Although, the Court doubts whether a response from him would have changed the outcome here given the legal nature of the issue. In any event, the Court has carefully reviewed the record and liberally construed Plaintiff's papers to raise the strongest arguments that they suggest.[9]

## ANALYSIS

<u>Rule 12(b)(6)</u>

The legal standards to be applied on a motion to dismiss pursuant to Rule 12(b)(6) are clear:

To survive a motion to dismiss, a complaint must plead "enough facts to state a

---

[7] On August 10, 2017, Plaintiff filed an Amended Complaint [#20], purporting to assert claims against additional defendants involving the same events of 2008-2009 as previously discussed.
[8] The portion of the grievance dealing with the matters at issue in this action, dating from 2009.
[9] Plaintiff is proceeding *pro se*, and the Court has therefore reviewed his papers "with special solicitude, mindful that they must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Cicio v. Wenderlich*, 714 F. App'x 96, 97 (2d Cir. Mar. 16, 2018) (citation and internal quotation marks omitted).

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

*Progressive Credit Union v. City of New York*, 889 F.3d 40, 48 (2d Cir. May 1, 2018).

> In its review, the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents "integral" to the complaint and relied upon in it, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. Jun. 3, 2014) (citations and internal quotation marks omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' ") (*quoting Bell Atl. Corp. v. Twombly* ) (footnote omitted).

<u>Section 1983</u>

Plaintiff is suing pursuant to 42 U.S.C. § 1983, and the legal principles generally applicable to such claims are well settled:

> In order to establish individual liability under § 1983, a plaintiff must show (a) that

5

the defendant is a "person" acting "under the color of state law," and (b) that the defendant caused the plaintiff to be deprived of a federal right.

*Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir.2004) (citation omitted).

<u>Exhaustion of Administrative Remedies</u>

A prison inmate is required to exhaust his administrative remedies *before* bringing an action in federal court complaining about prison conditions. *See*, 42 U.S.C.A. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

For purposes of 42 U.S.C. § 1997e(a), New York inmates in the custody of DOCCS are required to pursue their administrative grievances using New York's Inmate Grievance Program:

> As an inmate of the New York State Department of Corrections and Community Supervision ("DOCCS"), Plaintiff was required to submit his grievances through the New York DOCCS' Inmate Grievance Program ("IGP"). The IGP has a three-tiered process for adjudicating complaints: "(1) the prisoner files a grievance with the Inmate Grievance Resolution Committee ('IGRC'), (2) the prisoner may appeal an adverse decision by the IGRC to the superintendent of the facility, and (3) the prisoner then may appeal an adverse decision by the superintendent to the Central Office Review Committee ('CORC')." *Espinal v. Goord*, 558 F.3d 119, 125 (2d Cir.2009) (citing 7 N.Y. Comp.Codes R. & Regs. § 701.7 (1999)).

*Dabney v. Pegano*, 604 F. App'x 1, 3 (2d Cir. Feb. 1, 2015). However, despite this general requirement,

> [p]risoners are exempt from the exhaustion requirement when administrative remedies are unavailable. An administrative procedure is unavailable when (1) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) it is so opaque that it becomes, practically speaking, incapable of use; or (3) prison administrators thwart inmates

6

from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

*Amaker v. Bradt*, 745 F. App'x 412 (2d Cir. Dec. 19, 2018) (citations and internal quotation marks omitted).

If administrative remedies were "available" to the inmate plaintiff, then he must have "properly" exhausted his remedies:

> Proper exhaustion demands compliance with a prison grievance system's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

*Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378 (2006), internal quotation marks omitted).

Of particular relevance to the instant action and Defendants' motion to dismiss, the necessity of "proper exhaustion" means that "[a]n *untimely* or otherwise procedurally defective administrative grievance . . . does not constitute proper exhaustion." *Snyder v. Whittier*, 428 F. App'x 89, 91 (2d Cir. Jul. 1, 2011) (citing *Woodford v. Ngo*; emphasis added).

The exhaustion requirement contained in 42 U.S.C. 1997e(a) is an affirmative defense, not a pleading requirement, and therefore a motion to dismiss for failure to exhaust may only be granted if it is clear from the face of the complaint that the plaintiff failed to exhaust:

> Failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement. Accordingly, inmates are not required to specially plead or demonstrate exhaustion in their complaints. However, a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA

7

exhaustion requirement.

*Williams v. Correction Officer Priatno*, 829 F.3d at 122 (citations and internal quotation marks omitted). In this regard, "the face of the complaint" includes the usual information that a court may consider on a Rule 12(b)(6) motion, including "matters of which the court may take judicial notice," *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015), "documents incorporated into the complaint by reference, [and] documents possessed by or known to the plaintiff upon which [he] relied in bringing the suit." *Hicks v. Adams*, 692 F. App'x 647, 648 (2d Cir. Jun. 19, 2017) (citation and some internal quotation marks omitted).

Applying the foregoing legal principles to the facts of this action, the Court agrees with Defendants that this action must be dismissed pursuant to 42 U.S.C. § 1997e(a). At all relevant times the Inmate Grievance Program was available to Plaintiff. Despite that, he waited several years after the events at issue in this action to file a grievance, which led CORC to decline to consider the grievance. Plaintiff did not comply with the Inmate Grievance Program's procedural rules and therefore did not properly exhaust his available administrative remedies. *See, e.g., Colon v. Annucci*, --- 344 F. Supp. 3d --- , 2018 WL 4757972 at *17 (S.D.N.Y. Sep. 28, 2018) ("Here, Plaintiff attached an exhibit to the Complaint clearly stating that the CORC found that "his allegations of false misbehavior reports [we]re untimely" and declined to address them. (Compl. Ex. N.) This constitutes a failure to exhaust.") (citing *Woodford v. Ngo*, 548 U.S. at 83–84 and *Williams v. Comstock*, 425 F.3d 175, 177 (2d Cir. 2005)); *see also, Brandon v. Royce*, No. 16 CV 5552 (VB), 2017 WL 2656452, at *3 (S.D.N.Y. June 20, 2017) ("[F]iling an untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the

PLRA's exhaustion requirement. In New York, the procedural rules governing grievances provide, '[a]n inmate must submit a complaint to the clerk within 21 calendar days of an alleged occurrence on an inmate grievance complaint form.' 7 N.Y.C.R.R. 701.5(a)(1).") (citations and internal quotation marks omitted).

## CONCLUSION

Defendants' motion [#24] to dismiss the Amended Complaint is granted and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: Rochester, New York
January 24, 2019

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge